The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-20, d/b/a, ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, and USACHIPSS.COM, <br><br> Defendants. | No. 2:20-cv-00738-TSZ <br><br> PLAINTIFF'S RESPONSE TO MINUTE ORDER REGARDING DEFAULT JUDGMENT |

Plaintiff Nintendo of America Inc. ("Nintendo") submits this supplemental brief in response to the Court's Minute Order of September 24, 2020, and in further support of Plaintiff's Motion for Default Judgment and Permanent Injunction. Pl.'s Mot. for Default Judgment, Dkt. 25. In the Minute Order, the Court asks whether it can enter "partial default judgment" without voluntary dismissal of claims against Defendant Does 1–20. As clarified herein, Defendant Does 1–20 (the "Doe Defendants" or "Defendants") are the defendants in this matter—the websites are merely the d/b/a-s through which the Doe Defendants engage in the unlawful conduct set forth in the Complaint. *See* Complaint, Dkt. 1, ¶ 3; *supra*, case caption. Plaintiff seeks default judgment and a permanent injunction against all Doe Defendants, and thus there are no defendants that need to be voluntarily dismissed.[1]

By way of background, on May 15, 2020, Nintendo initiated this litigation against Does 1–20, the owners and operators of eight websites who use their websites to sell devices that unlawfully hack the Nintendo Switch in violation of the Anti-Trafficking provisions of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(2) & 1201(b)(1). Some of the defendants also sell pirated versions of Nintendo's copyrighted games on their websites, in violation of Nintendo's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106, 501, & 503. *See* Compl., Dkt. 1 ¶¶ 2–5, 12–13, 25–36, 39–40.

Because Defendants have taken steps to hide their real-world identities, Nintendo does not know the identity of the specific individuals who operate the websites and thus sued them as Does 1–20, doing business as the various websites they operate.[2] *See, e.g.*, Complaint, Dkt. 1, ¶¶

---

[1] Plaintiff's motion for entry of default and the accompanying proposed order requested entry of default against "all Defendants." Dkt. 22. The Clerk's entry of default lists the d/b/a websites, but not the Defendants themselves. Dkt. 24. Nintendo respectfully suggests that this may have caused confusion. To the extent the Court is concerned that, because the entry lists the websites, default has not been formally entered against the Doe Defendants, Nintendo respectfully requests that the Court direct the Clerk to modify the Order of Default, Dkt. 24, so that it is entered against "Doe Defendants d/b/a" the websites. *See* Fed. R. Civ. P. 55(a). In moving for entry of default, Plaintiff submitted a proposed order, and so the Court or clerk could rely on that order. *See* Dkt. 22-1, [Proposed] Entry of Default.

[2] The particular number of Doe defendants is simply meant to capture the individuals who collectively operate the Websites, but Nintendo does not know how many actual individuals operate any one of them.

38–39 ("Defendants Does 1–20 operate the Websites through which they offer to the public, sell, and otherwise traffic in the Circumvention Devices . . . . Nintendo has been unable to ascertain the true identities of any of the Defendants."). In other words, Nintendo has sued the unknown owners and operators of the websites—the Doe Defendants—to stop the illegal acts the Doe Defendants are committing *through* the websites.

Because the Doe Defendants continued to conceal their identity following the initiation of this suit, Nintendo moved to serve Defendants Does 1–20 by alternative means via electronic mail. *See* Pl.'s Mot. for Leave to Serve Process by Alternative Means, Dkt. 15 ("Mot. for Alternative Service"). This Court granted the motion, and Nintendo served the Doe Defendants on July 16, 2020. Decl. of Alison Stein, Dkt. 21. Even though the Doe Defendants have made clear their awareness of the suit—for instance, by quickly "domain hopping," *i.e.* moving their website from one URL to another in order to evade detection,[3] and by sending communications to their customers explicitly referencing this lawsuit, *see* Mot. for Alternative Service, Dkt. 15 at 14–16—the Doe Defendants failed to appear, let alone respond. In light of this failure, Nintendo moved the Clerk to enter default "against all Defendants." Mot. for Entry of Default, Dkt. 22. The Clerk entered default on August 19.[4] Dkt. 24.

On September 4, 2020, Nintendo moved this Court for a default judgment and permanent injunction against "Defendants Does 1–20, d/b/a" the websites. Pl.'s Mot. for Default Judgment, Dkt. 25, at 2. The Court can now enter Default Judgment and a Permanent Injunction against the Doe Defendants. *See, e.g.*, *Arista Records, LLC v. Tkach*, No. 15–CV–3701 (AJN), Dkt. 94, *Default Judgment and Permanent Injunction Order* (S.D.N.Y. Dec. 11, 2015) (granting default judgment and a permanent injunction against "Does 1-10, d/b/a" two different websites); *Sapient*

---

[3] Specifically, ANXCHIP.COM became LOWBR.COM, FLASHCARDA.COM became MATERPL.COM, MOD3DSCARDS.COM became BRUJOON.COM, and NXCARD.COM became AGRESU.COM. Decl. of Alison Stein, Dkt. 25-1, ¶ 4. As Nintendo noted first in its Motion for Leave to Serve Process by Alternative Means, Dkt. 15 at 2 n.2, and again in its subsequent papers, *e.g.* Dkt. 25 n.1, reference to Defendants' websites should be read to encompass both the original URLs and any and all new URLs.

[4] *See supra* note 1.

3

*Corp. v. Okorie*, No. 18 CIV. 1681, 2019 WL 1983230, at *3 (N.D. Cal. Mar. 26, 2019) (entering default "against Does 2-50" who operated online accounts and profiles and granting motion for default judgment); *Deckers Outdoor Corp. v. Does 1-55*, No. 11 C 10, 2011 WL 4929036, at *6 (N.D. Ill. Oct. 14, 2011) (granting default judgment against "Does 1–55 d/b/a" aliases which registered websites); *cf. Fernandez-Peralta v. Gamez*, No. CV1903749CJCMRWX, 2019 WL 9240983, at *3 (C.D. Cal. Nov. 7, 2019) (denying default judgment against unnamed Defendants only because those defendants "ha[d] not been served").

Once this order is entered against the Doe Defendants, Nintendo may enforce the injunction against the websites the Doe Defendants operate, including by sending the default judgment and permanent injunction to the registrars hosting the websites, who will then be compelled to shut down the websites per Federal Rule of Civil Procedure 65(d) and as set forth in the proposed order. *See* Dkt. 25-2, Proposed Final Judgment and Permanent Injunction, ¶ 2 ("The Court further enjoins . . . all third parties acting in active concert and participation with Defendants—including but not limited to any domain name registrars or registries holding or listing any of Defendants' websites—from supporting or facilitating access to any or all domain names . . . through which Defendants traffic in circumvention devices . . . ."); *see also, e.g.*, *Tkach*, No. 15–CV–3701 (AJN), Dkt. 94, *Default Judgment and Permanent Injunction Order*, at 6 (S.D.N.Y. Dec. 11, 2015) (enjoining third parties including "domain name registrars or registries holding or listing any of the" infringing websites); *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 39 (S.D.N.Y. 2015) (holding that injunctions against individuals operating websites may be enforced against third party internet service providers); *DISH Network, L.L.C. v. Dima Furniture Inc.*, No. CV TDC-17-3817, 2019 WL 2498224, at *8 (D. Md. June 17, 2019), *report and recommendation adopted*, No. CV TDC-17-3817, 2019 WL 5588901 (D. Md. July 12, 2019) (granting default judgment and holding that nonparty internet service providers would be bound by an injunction).

For the reasons set forth in Nintendo's Motion for Default Judgment and Permanent Injunction, Nintendo respectfully requests that this Court grant default judgment and enter a permanent injunction against Defendants.  *See* Dkt. 25-2.

DATED this 30th day of September, 2020.

Respectfully submitted,                                  Respectfully submitted,

**GORDON TILDEN THOMAS &**                               **JENNER & BLOCK LLP**
**CORDELL LLP**                                          Attorneys for Plaintiff Nintendo of America Inc.
Attorneys for Plaintiff Nintendo of America Inc.

 s/ *Michael Rosenberger*                                 s/ *Alison I. Stein*
   Michael Rosenberger, WSBA #17730             Alison I. Stein (*Pro Hac Vice*)
   Michael Brown, WSBA #45618                   Cayman C. Mitchell (*Pro Hac Vice*)*
   600 University Street, Suite 2915            919 Third Avenue, 38th Floor
   Seattle, WA 98101                            New York, NY 10022
   Telephone: 206.467.6477                      Telephone: 212.891.1600
   mrosenberger@gordontilden.com                astein@jenner.com
   mbrown@gordontilden.com                      cmitchell@jenner.com

                                                                     Christopher S. Lindsay (*Pro Hac Vice*)
                                                                   633 West 5th Street, Suite 3600
                                                                   Los Angeles, CA 90071
                                                                   Telephone: 213.239.5100
                                                                   clindsay@jenner.com

*\*Admitted only in Massachusetts, not admitted in New York. Practicing under the supervision of the partnership of Jenner & Block, LLP*