UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NINTENDO OF AMERICA INC,

          Plaintiff,

v.

ANXCHIP.COM, et al.,

          Defendants.

C20-738 TSZ

JUDGMENT AND
PERMANENT INJUNCTION

THIS MATTER comes before the Court on Plaintiff Nintendo of America Inc.'s Motion for Default Judgment and Entry of a Permanent Injunction, docket no. 25. Having reviewed all papers filed in support of the motion, the Court enters the following order.

**Background**

On May 15, 2020, Plaintiff initiated this action against Defendant Does 1–20 doing business as ("d/b/a") eight websites (the "Websites"), who operate and use the Websites to sell devices that unlawfully hack the Nintendo Switch in violation of the Anti-Trafficking provisions of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(2) & 1201(b)(1). Some of the Defendants also sell pirated versions of

Plaintiff's copyrighted games on their Websites, in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106, 501, & 503.  Complaint at ¶¶ 2–5, 12–13, 25–36, 39–40 (docket no. 1).

In its complaint, Plaintiff alleged that "Defendants Does 1–20 operate the Websites through which they offer to the public, sell, and otherwise traffic in the Circumvention Devices" and that they "deliberately obscure their identities by using privacy tools to mask their domain registration"—meaning Plaintiff "has been unable to ascertain the true identities of any of the Defendants." *Id.* at ¶¶ 38–39.  Plaintiff eventually moved to serve Defendants by alternative means via electronic mail.  *See* Mtn. for Alternative Service (docket no. 15).  The Court granted that motion, docket no. 20.

On July 16, 2020, Plaintiff served the Defendants by electronic mail.  Decl. of Alison Stein (docket no. 21).  Although the Defendants appear to be aware of the suit—by, for example, moving their website from one URL to another in order to evade detection, and by sending communications to their customers explicitly referencing this lawsuit, *see* Mtn. for Alternative Service (docket no. 15 at 14–16)—Defendants have failed to appear, or respond.

After more than 21 days had passed, on August 11, 2020, Plaintiff moved for entry of default against "all [D]efendants."  Motion for Default (docket no. 22 at 1); *see* Fed. R. Civ. P. 12(a)(1)(A)(i).  The Clerk of this Court subsequently entered an Order of Default, docket no. 24, against the d/b/a Websites:

> ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, and USACHIPSS.COM.

JUDGMENT AND PERMANENT INJUNCTION - 2

Plaintiff now moves for default judgment and an entry of a permanent injunction, docket no. 25. Plaintiff also requests that the Court direct the Clerk to amend the Order of Default, docket no. 24, to be entered against "Defendant Does 1–20 d/b/a" the Websites. Response (docket no. 27 at 2 n.2).

Accordingly, pursuant to Sections 502 and 1203 of the Copyright Act, 17 U.S.C. §§ 502, 1203, the All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, the Court orders as follows:

(1) Plaintiff's motion to amend the Order of Default, docket no. 27, is GRANTED. Defendant Does 1–20 are hereby in default;

(2) Plaintiff's Motion for Default Judgment and Entry of a Permanent Injunction, docket no. 25, is GRANTED;

(3) Defendants and their agents, servants, employees, successors, assigns, and all those acting under their control are ENJOINED from:

    a. Offering to the public, selling, providing, or otherwise trafficking in any circumvention devices—including but not limited to the SX Pro, SX Core, and SX Lite—accompanying SX OS software, and any other circumvention devices or software that target Nintendo or Nintendo's consoles, Nintendo's technological protection measures, and/or copyrighted works;

    b. Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, and inducing or participating in the infringement of, any of Nintendo's copyrights protected by the Copyright Act, whether now in existence or hereafter created;

JUDGMENT AND PERMANENT INJUNCTION - 3

        c.      Effecting assignments or transfers, including of the Websites, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a or b; and/or

        d.      Unfairly competing with Nintendo.

(4)    Defendants and all third parties acting in active concert and participation with Defendants are ENJOINED from supporting or facilitating access to any or all domain names, URLs, websites (including, without limitation, ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, USACHIPSS.COM, LOWBR.COM, MATERPL.COM, BRUJOON.COM, and AGRESU.COM), as well as any successor websites, private communications channels, direct messages, chatrooms, other social media websites or apps such as Skype, Discord, or Facebook and any online marketplace platforms such as AliExpress, through which Defendants traffic in circumvention devices that threaten Plaintiff's technological protection measures or that infringe Plaintiff's rights under the Copyright Act.

(5)    Defendants and their officers, agents, servants, employees, attorneys, and others acting in active concert and participation with Defendants are ORDERED to:

        a.      Cease to use, the domain names ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, USACHIPSS.COM, LOWBR.COM, MATERPL.COM, BRUJOON.COM, and AGRESU.COM, and any variant or successor thereof controlled by Defendants; and

    b. Immediately transfer the domain names ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, USACHIPSS.COM, LOWBR.COM, MATERPL.COM, BRUJOON.COM, and AGRESU.COM, and any variant or successor thereof controlled by Defendants, to Plaintiff.

  (6) Defendants and all third parties acting in active concert and participation with Defendants are ENJOINED from supporting or facilitating access to any or all domain names, URLs, and websites (including, without limitation, ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NXCARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, USACHIPSS.COM, LOWBR.COM, MATERPL.COM, BRUJOON.COM, and AGRESU.COM), or any variant or successor thereof, through which Defendants infringe Plaintiff's copyrights.

  (7) The Court further ORDERS, pursuant to 17 U.S.C. § 1203(b), that the Defendants destroy all Circumvention Devices, all copies of SX OS, and all other electronic material or physical devices within Defendants' custody, possession, or control—including any hard drives or other electronic storage devices containing such material—that violate Nintendo's rights under the DMCA or infringe upon copyrights owned or exclusively licensed by Nintendo.

  (8) Defendants, within thirty (30) days after service of judgment with notice of entry thereof, are ORDERED to file with the Court and serve upon Nintendo a written report under oath setting forth in detail the manner in which Defendants have complied with the preceding paragraphs of this order.

(9)     Nintendo may serve this judgment electronically on Defendants by sending it to the same email addresses listed in this Court's order authorizing service of process electronically.  *See* docket no. 20.

(10)    This permanent injunction constitutes a binding court order, and any violations by Defendants subject them to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.  The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.  Plaintiff is not required to post any bond or security in connection with this Stipulated Order and Permanent Injunction, and Defendants have permanently, irrevocably, and fully waived any right to request a bond or security.

With no additional remaining claims to adjudicate in this matter, the Court enters this Final Judgment; and

(11)    The Clerk is further DIRECTED to send a copy of this Judgment and Permanent Injunction to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of October, 2020.

Thomas S. Zilly
United States District Judge