The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-20, d/b/a, ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, and USACHIPSS.COM, <br><br> Defendants. | No. 2:20-cv-00738-TSZ <br><br> PLAINTIFF'S SUPPLEMENTAL MOTION TO ENFORCE JUDGMENT AND PERMANENT INJUNCTION <br><br> NOTE ON MOTION CALENDAR: November 16, 2020[1] |

---

[1] Because this is a motion to enforce a default judgment, Nintendo is noting this as a same day motion pursuant to LCR 7(d)(1).

Pursuant to Paragraph 10 of this Court's Judgment and Permanent Injunction (the "Judgment"), in which the Court maintains "continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction," Dkt. 28, ¶ 10, Plaintiff Nintendo of America Inc. ("Nintendo") submits this supplemental motion to enforce this Court's Judgment.

### I.   Background

By way of background, on May 15, 2020, Nintendo commenced this litigation against Defendant Does 1–20, the owners and operators of websites who used their websites to sell devices that unlawfully hack the Nintendo Switch in violation of the Anti-Trafficking provisions of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(2) & 1201(b)(1) (the "DMCA"). Some of the Defendants also provided pirated versions of Nintendo's copyrighted games on their websites, in violation of Nintendo's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106, 501, & 503. *See* Compl., Dkt. 1 ¶¶ 2–5, 12–13, 25–36, 39–40. On October 6, 2020, the Court granted Plaintiff's motion for default judgment and a permanent injunction and entered final judgment in the matter. Dkt. 28. The Court enjoined "Defendants and all third parties acting in active concert and participation with Defendants" "from supporting or facilitating access to any or all domain names, URLs, [or] websites[2] . . . through which Defendants traffic in circumvention devices that threaten Plaintiff's technological protection measures or that infringe Plaintiff's rights under the Copyright Act." *Id.* ¶ 4. The Court specifically ordered Defendants and third parties acting in active concert and participation with Defendants to "[i]mmediately transfer," the domains at issue in the lawsuit*, as well as "any variant or successor"* of those domain names, to Plaintiff. *Id.* ¶ 5 (emphasis added). The Court further enjoined "Defendants and all third parties acting in active concert and participation with Defendants" "from supporting or facilitating access to any or all domain names, URLs, and websites . . . or *any variant or*

---

[2] The term 'domain name' is interchangeable with 'URL' – they both refer to the name of the internet address of the website.

*successor thereof*, through which Defendants infringe Plaintiff's copyrights." *Id.* ¶ 6 (emphasis added).

In the days following the issuance of the Judgment, Plaintiff served the Judgment on Defendants and sent the Judgment to registrars servicing the infringing websites, as third parties acting in active concert and participation with Defendants. Declaration of Cayman C. Mitchell ("Decl.") ¶ 3.[3] The registrars complied with the Judgment and transferred the infringing domains to Plaintiff, and the infringing content hosted at the domain names went offline. *Id.* ¶ 5. As a result, the Doe Defendants' unlawful sales of circumvention devices and copyright infringement, committed through the domains identified in the Complaint and Nintendo's subsequent papers, ceased, and the Court's Judgment initially had its intended effect of enabling Plaintiff to protect its content from infringement.[4]

## II. STXWITCH.COM

Unfortunately, only a day after the domains were transferred to Nintendo, the Doe Defendants who previously operated TXSWITCH.COM (one of the domains transferred to Plaintiff) "domain hopped" and created a "copycat" website at a new domain. Decl. ¶ 6; Decl. Ex. 3. They changed a single letter in their original domain name and reappeared at STXWITCH.COM. *Id.* ¶ 7. The website currently available at the STXWITCH.COM domain *is identical to the one that had been available at the TXSWITCH.COM domain*, as can be seen in Decl. Exhibits 1 and 2, and is thus a "variant or successor" of TXSWITCH.COM and bound by the Court's Judgment. Dkt. 28 ¶ 6; Decl. ¶¶ 8–9; *compare* Decl. Ex. 1 *with* Decl. Ex. 2. In addition to being an identical website, there are multiple other indicia demonstrating that the Doe

---

[3] Registrars are internet service providers that register domain names. Decl. ¶ 4. Registrars control the domain names, and have the power to transfer domain names from one owner to another without the consent of the original owner. *Id.*

[4] Additionally, and separately, the Department of Justice filed a criminal indictment in this District against three members of the anonymous hacking group known as Team Xecuter. *See United States v. Louarn, et al.*, 2:20-cr-00127-RSL (W.D. Wa.). The individuals behind Team Xecuter create the devices at issue in this action sold by the Doe Defendants, but are not defendants in this action.

Defendant operators of TXSWITCH.COM domain hopped, and created a successor website, STXWITCH.COM:

- The banner image of STXWITCH.COM prominently reads "TXSWITCH.com";
- The text on the browser tab at the top left of pages of the website reads "txswitch";
- The contact email is "txswitch@outlook.com";
- The linked-to Facebook page is "TXswitch";
- The copyright notice at the bottom of the screen reads "Copyright©2019 txswitch.com All Rights Re-served.";
- The source code of current STXWITCH.COM contains various references to the previous site TXSWITCH.COM.

*See* Decl. ¶ 9; Decl. Exs. 2, 4.

This new domain STXWITCH.COM is actively offering for sale the illegal circumvention devices that were the subject of this suit, in flagrant violation of the Judgment, and Nintendo has confirmed a purchase from the new domain, and the return address associated with that shipment is the same address that appeared on a previous shipment from TXSWITCH.COM.  Decl. ¶ 10.

Nintendo quickly contacted the registrar of the STXWITCH.COM domain, GoDaddy.com, LLC ("GoDaddy")—which is the same registrar that had been servicing TXSWITCH.COM—informing them that the content previously found at the TXSWITCH.COM domain they had just transferred to Plaintiff had reappeared at STXWITCH.COM.  *Id.* ¶ 11. Nintendo requested that the STXWITCH.COM domain be immediately transferred as a successor or variant of TXSWITCH.COM pursuant to the Judgment.  Dkt. 28 ¶¶ 4–6.  GoDaddy responded to outside counsel for Nintendo stating that they required the domain name to be listed in an order to take action.  Decl. ¶ 13.

Nintendo thus seeks such an Order making clear that STXWITCH.COM, as a "variant or successor" to TXSWITCH.COM, is *already covered* by the Court's existing order, and that

GoDaddy—a third party acting in active concert and participation with the Doe Defendants currently operating STXWITCH.COM—must cease servicing that STXWITCH.COM domain and must transfer that domain to Nintendo. *See* Proposed Order Granting Supplemental Motion to Enforce Judgment ("Proposed Order") (filed as Dkt. 30-1).

Finally, in an effort to avoid further burdening the Court moving forward, Plaintiff respectfully requests that the Court's Order confirm what its original Judgment should already make clear: that, if additional copycat websites pop up—ones that are either substantially identical to the original domains, and/or have other indicia that they are successors or variants to the original domains—those new domains are covered under the Judgment as successors to or variants of the originally-named domains as if they had been specifically listed in the Judgment.[5] Nintendo is concerned that absent such further clarifications of the scope of the Judgment, the Doe Defendants will again domain hop, changing a letter of a domain name, and the cycle will continue to repeat with the registrar contending that the new domain is not specifically covered by the injunction and with Nintendo having to return to this Court. Nintendo thus requests that the Order include language making clear that when a new domain name is a variant of one covered by the Permanent Injunction, it should be transferred to Nintendo. *See* Proposed Order.

To be clear, Nintendo is not seeking to make registrars—or any other third parties— police the internet for Defendants' content. Nintendo accepts its burden to track Defendants down. But once Nintendo identifies successor or variant domains, the registrars must comply with the existing Judgment without continual applications to the Court. *See* Proposed Order. In similar cases, Courts have found that, while a Plaintiff must identify any new infringing websites that the defendants create, they need not return to the Court each and every time to get supplemental orders. For instance, in *Wilens v. Doe Def. No. 1*, the Court ruled that "[f]or future

---

[5] Examples of indicia that a new domain is a successor or variant of a domain listed in the Judgment include, but are not limited to: (i) content that replicates in whole or large part the content hosted at the original domain; (ii) sales of identical unlawful circumvention devices at issue in this action; (iii) identical source code; (iv) references to the prior domain in the new domain; (v) identical contact information.

sites that [Plaintiff] identifies, [it] can send the judgment and order to domain registrars, web hosting companies, and ISPs to show that the court has enjoined Doe[s'] conduct.  Put another way, [Plaintiff] may rely on the court's injunction against Doe[s] to obtain further relief from [a certain provider] or from other providers for future sites that [Plaintiff] identifies." 2015 WL 5121379, at *2 (N.D. Cal. Aug. 28, 2015), *report and recommendation adopted*, No. 14-CV-02419-LHK, 2015 WL 5542529 (N.D. Cal. Sept. 18, 2015); *see also Arista Records, LLC v. Tkach*, Order, Dkt. 82 (S.D.N.Y. July 9, 2015) (holding that Plaintiff has the burden to identify a defendant's infringing websites, but once a third-party ISP has knowledge of the infringement, it "may not sit on its hands").

In sum, at a minimum, Nintendo requests that the Court enter an order that makes clear that STXWITCH.COM is a "variant or successor" to TXSWITCH.COM, and so is *already covered* by the Court's existing order.  Indeed, that is precisely why the Final Judgment includes that language: because it was somewhat inevitable that Defendants would move domains.  When Defendants themselves remain out of Nintendo's reach, Nintendo's only option to give real world effect to the Court's injunction is to enforce it against the third parties who act in active concert and participation with Defendants.  Here, the relevant registrar will not comply absent an order from this Court explicitly naming STXWITCH.COM as a successor to the Defendants' Websites.  As noted above, the illegal devices at issue in the instant litigation are being offered for sale under the name STXWITCH.COM.  It appears that, without an order from this Court explicitly naming STXWITCH.COM as covered by the Judgment, Defendants will be able to continue thumbing their nose at this Court, frustrating the purpose of the Judgment and injunction entered by this Court.

DATED this 16th day of November, 2020.

Respectfully submitted,

**GORDON TILDEN THOMAS &
CORDELL LLP**
Attorneys for Plaintiff Nintendo of America Inc.

s/ *Michael Rosenberger*
    Michael Rosenberger, WSBA #17730
    Michael Brown, WSBA #45618
    600 University Street, Suite 2915
    Seattle, WA 98101
    Telephone: 206.467.6477
    mrosenberger@gordontilden.com
    mbrown@gordontilden.com

Respectfully submitted,

**JENNER & BLOCK LLP**
Attorneys for Plaintiff Nintendo of America Inc.

s/ *Alison I. Stein*
    Alison I. Stein (*Pro Hac Vice*)
    Cayman C. Mitchell (*Pro Hac Vice*)*
    919 Third Avenue, 38th Floor
    New York, NY 10022
    Telephone: 212.891.1600
    astein@jenner.com
    cmitchell@jenner.com

    Christopher S. Lindsay (*Pro Hac Vice*)
    633 West 5th Street, Suite 3600
    Los Angeles, CA 90071
    Telephone: 213.239.5100
    clindsay@jenner.com

*Admitted only in Massachusetts, not admitted in New York. Practicing under the supervision of the partnership of Jenner & Block, LLP