The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-20, d/b/a, ANXCHIP.COM, AXIOGAME.COM, FLASHCARDA.COM, MOD3DSCARDS.COM, NX-CARD.COM, SXFLASHCARD.COM, TXSWITCH.COM, and USACHIPSS.COM, <br><br> Defendants. | No. 2:20-cv-00738-TSZ <br><br> [PROPOSED] SUPPLEMENTAL ORDER ENFORCING JUDGMENT AND PERMANENT INJUNCTION |

[PROPOSED] SUPPLEMENTAL ORDER ENFORCING
JUDGMENT AND PERMANENT INJUNCTION
No. 2:20-cv-00738

**GORDON** | 600 University Street
**TILDEN** | Suite 2915
**THOMAS** | Seattle, WA 98101
**CORDELL** | 206.467.6477

# [PROPOSED] SUPPLEMENTAL ORDER ENFORCING JUDGMENT AND PERMANENT INJUNCTION

This Court, having previously entered a Judgment and Permanent Injunction against Defendants Does 1–20, Dkt. 28, and this matter having come before the Court on Plaintiff Nintendo of America Inc.'s Motion for Supplemental Order Enforcing Judgment and Permanent Injunction ("Motion"), Dkt. 30, the Court finds that the Motion is well taken and should be granted.

Therefore, pursuant to Sections 502 and 1203 of the Copyright Act (17 U.S.C. §§ 502, 1203), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers, the Court orders as follows:

1. STXWITCH.COM is a "variant or successor" domain name as that term is used in the Court's Judgment and Permanent Injunction in this action, entered against Defendants Does 1–20 on October 6, 2020, Dkt. 28 (the "Judgment").

2. The Judgment applies in full force to Defendants' website at STXWITCH.COM. In other words, paragraphs 4, 5(a), 5(b), and 6 of the Final Judgment should be read to include STXWITCH.COM.

3. Defendants and all third parties acting in active concert and participation with Defendants—including registrars—are ENJOINED from supporting or facilitating access to STXWITCH.COM, and are ORDERED to cease to use the domain name STXWITCH.COM and immediately transfer STXWITCH.COM to Nintendo's control.

4. For avoidance of doubt, the Court's Judgment applies to *all* domain names controlled by Defendants through which Defendants engage in the conduct found to be unlawful in this lawsuit, whether or not the exact domain name is explicitly listed in the Judgment.  In the

[PROPOSED] SUPPLEMENTAL ORDER ENFORCING JUDGMENT AND PERMANENT INJUNCTION
No. 2:20-cv-00738

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

event that Defendants begin to use a new domain name (a "New Domain"), if the content hosted at the New Domain is substantially identical to the content previously available at one of the domains listed in the Judgment, and/or if the New Domain carries other indicia that it is a successor or variant of one of the domains in the Judgment,[1] the Judgment applies to that New Domain as if it had been specifically listed in the Judgment. Nintendo need not seek an additional order from this Court and Defendants and all third parties acting in active concert and participation with Defendants—including registrars—are ORDERED to comply with paragraphs 4, 5(a), 5(b), and 6 of the Judgment as if the New Domain were set forth there in full, including and especially the Judgment's direction to "immediately transfer" all domain names under the control of Defendants to Nintendo. Dkt. 28, ¶ 5(b).

     5.    Nintendo may serve this Order electronically on Defendants by sending it to the same email addresses listed in this Court's order authorizing service of process electronically. Order Granting Plaintiff's Motion for Leave To Serve Process By Alternative Means, Dkt. No. 20.

     6.    This Order constitutes a binding court order, and any violations by Defendants or third parties acting in concert and participation with Defendants will subject them to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

     7.    The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the Judgment and Permanent Injunction and this Order. Plaintiff is not required to

---

[1] Examples of indicia that a New Domain is a successor or variant of a domain listed in the Judgment include, but are not limited to: (i) content that replicates in whole or large part the content hosted at the original domain; (ii) sales of identical unlawful circumvention devices at issue in this action; (iii) identical source code; (iv) references to the prior domain in the new domain; (v) identical contact information.

[PROPOSED] SUPPLEMENTAL ORDER ENFORCING JUDGMENT AND PERMANENT INJUNCTION
No. 2:20-cv-00738

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

post any bond or security in connection with this Order, and Defendants have permanently, irrevocably, and fully waived any right to request a bond or security.

**IT IS SO ORDERED**.

_____
The Honorable Thomas S. Zilly
United Stated District Court Judge

[PROPOSED] SUPPLEMENTAL ORDER ENFORCING
JUDGMENT AND PERMANENT INJUNCTION
No. 2:20-cv-00738

**GORDON TILDEN THOMAS CORDELL**
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477